### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GERALD C. SLYTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BOARD OF COUNTY ) <br> COMMISSIONERS FOR ANDERSON ) <br> COUNTY, KANSAS, ) <br> ) <br> Defendant. ) <br> _____) | Case No. 11-4044-JAR |

### **MEMORANDUM AND ORDER**

Plaintiff filed this action alleging a claim of reverse sex discrimination under Title VII of the Civil Rights Act of 1964 against his former employer, The Board of County Commissioners for Anderson County, Kansas ("Board"). Before the Court is Defendant's Motion to Dismiss (Doc. 18). The motion is fully briefed and the Court is prepared to rule. As described more fully below, Defendant's motion is denied.

**I.   Rule 12(b)(6) Standard**

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[1]  Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[2]  The plausibility standard does not require a showing of probability

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[2] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

that "a defendant has acted unlawfully,"[3] but requires more than "a sheer possibility."[4]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*[5] seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[6]  *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[8]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[9]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[10]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

[4] *Id.*

[5] 550 U.S. 544 (2007).

[6] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[7] *Id.* (citing *Twombly*, 550 U.S. at 556).

[8] *Iqbal*, 129 S. Ct. at 1949–50.

[9] *Id.* at 1950.

[10] *Id.*

misconduct alleged."[11]

## II.     First Amended Complaint

The following facts are alleged in Plaintiff's First Amended Complaint ("the Complaint") and construed in the light most favorable to Plaintiff. Plaintiff is a white male who worked as a jailer at the Anderson County Jail ("Jail") for twelve years before he was terminated. Before his termination, Plaintiff performed his duties well. During his employment, Plaintiff noticed that a junior female employee, Nicole Walford, violated department policy on several occasions. Plaintiff reported these violations to Robert Wadel, the head jailer. Specifically, Plaintiff reported that Walford dispensed an incorrect dose of heart medication to an inmate and that she had locked herself out of the control room on three occasions.

During the six month period before Plaintiff's termination, Wadel awarded much of the available overtime to Walford despite her lack of seniority over Plaintiff and other jailers. Plaintiff was terminated for violating an unwritten policy against allowing contact visits for inmates housed at the Jail from other jails, known as "farm out," even though this unwritten policy had not been communicated to Plaintiff and even though Wadel knew about the violative visit before it occurred.

Plaintiff has filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Rights to file suit.

## III.    Discussion

Defendant argues that the Complaint should be dismissed because Plaintiff failed to properly exhaust his administrative remedies and because the Complaint fails to state a plausible

---

[11]*Id.* at 1949.

claim for relief under Title VII.  Because the Court finds that Plaintiff exhausted his administrative remedies and that he has provided sufficient factual allegations in his Complaint, the motion to dismiss must be denied.

### A. Exhaustion

Defendant first argues that in order for a discrimination charge to properly commence in Kansas, the plaintiff must file two separate complaints, one with the Equal Employment Opportunity Commission ("EEOC") and one with the Kansas Human Rights Commission ("KHRC"), relying on *Hughes v. Valley State Bank*.[12]  In *Hughes*, the Kansas Court of Appeals ruled that filing a charge with the EEOC is insufficient to initiate an action under the Kansas Act Against Discrimination ("KAAD"); the plaintiff must file a separate charge with the KHRC.[13]  But judges in this district have rejected the rationale in *Hughes* as applied to Title VII claims and repeatedly held that filing a charge with the EEOC is sufficient to commence proceedings under Title VII.[14]  The Court follows this authority and finds that Plaintiff has exhausted his administrative remedies because he filed his charge with the EEOC.

### B  Sufficiency of the Complaint

Defendant next argues that Plaintiff fails to allege sufficient facts to establish a claim for relief for reverse sex discrimination.  Under Title VII, it is an unlawful practice for an employer "to discharge any individual . . . because of such individual's. . . sex."[15]  This prohibition of

---

[12] 994 P.2d 1079 (Kan. Ct. App. 1999).

[13] *Id.* at 1086–87.

[14] *Armendariz v. Cargill, Inc.*, No. 05-2200-JWL, 2006 WL 83098, at *2 (D. Kan. Jan. 12, 2006); *Kolarik v. Alterra Healthcare Corp.*, No. 04-1388-MLB, 2005 WL 1842752, at *3 (D. Kan. July 29, 2005); *Novotny v. Coffey Cnty. Hosp.*, No. 03-2566-JWL, 2004 WL 1052785, at *3 (D. Kan. May 10, 2004).

[15] 42 U.S.C. § 2000e-2(a)(1).

discrimination based on sex protects men as well as women.[16]

On summary judgment, a Title VII plaintiff may prove discrimination either through direct evidence, or through circumstantial evidence utilizing the familiar *McDonnell Douglas v. Green* burdenshifting approach.[17] Under *McDonnell Douglas*, the plaintiff initially bears the burden of production to establish a prima facie case of discrimination.[18] The burden of establishing the prima facie case is "not onerous."[19] If the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a facially nondiscriminatory reason for its actions.[20] If the defendant articulates a legitimate nondiscriminatory reason, the burden shifts back to the plaintiff to present evidence from which a jury might conclude that the defendant's proffered reason is pretextual, that is, "unworthy of belief."[21]

In *Swierkiewicz v. Sorema N.A.*,[22] the Supreme Court explained that a prima facie case of discrimination "operates as a flexible evidentiary standard" and not a "rigid pleading standard."[23] Therefore, the plaintiff need not have "adequately alleged a prima facie case" or "circumstances

---

[16]*Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 78 (1998) (citing *Newport News Shipbuilding & Dry Dock Co. v. EEOC*, 462 U.S. 669, 682 (1983)).

[17]411 U.S. 792 (1973); *see, e.g.*, *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011).

[18]*McDonnell Douglas*, 411 U.S. at 802.

[19]*Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 238, 253 (1981).

[20]*Id.*; *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1113 (10th Cir. 2007).

[21]*Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998) (quoting *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995)).

[22]534 U.S. 506 (2002).

[23]*Id.* at 512.

that support an inference of discrimination" in order to survive a motion to dismiss.[24]  In employment discrimination cases, plaintiffs "must satisfy only the simple requirements of Rule 8(a)."[25]  Therefore, the Complaint must provide "fair notice of the basis for [plaintiff's] claims,"[26] as that standard was further revised in *Twombly*.[27]

The Tenth Circuit has explained that in the context of reverse discrimination in cases utilizing circumstantial evidence, the elements of an ordinary prima facie case must be adjusted because "the presumptions in Title VII analysis that are valid when a plaintiff belongs to a disfavored group are not necessarily justified when the plaintiff is a member of an historically favored group."[28]  Instead of showing that the plaintiff is a member of a protected class, he must establish "background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority."[29]  Alternatively, the plaintiff may prove his prima facie case by presenting direct evidence of discrimination or indirect evidence "sufficient to support a reasonable probability, that but for the plaintiff's status the challenged employment decision would have favored the plaintiff."[30]

Defendant argues that Plaintiff has a higher pleading standard in this reverse discrimination under these standards.  But the instant motion is not before the Court on summary

---

[24]*Id.* at 509.

[25]*Id.* at 513.

[26]*Id.*

[27]*See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007).

[28]*Notari v. Denver Water Dep't*, 971 F.2d 585 (10th Cir. 1992).

[29]*Id.*; *see Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1150 (10th Cir. 2008); *Mattioda v. White*, 323 F.3d 1288, 1293 (10th Cir. 2003).

[30]*Notari*, 971 F.2d at 590.

judgment.  The Court must only determine whether the facts as alleged, if assumed to be true, establish a plausible claim for relief.  The Court finds that Plaintiff's Complaint sufficiently alleges his reverse discrimination claim.  Plaintiff alleges that he was terminated because of his sex—he alleges that he reported several departmental policy violations by a junior female employee, that she was not disciplined for these violations, and that Plaintiff was terminated for violating an unwritten Policy that he was not previously made aware of soon after reporting Walford's violations.  Plaintiff further alleges that before this violation, his performance was satisfactory.  These facts sufficiently allege that but for Plaintiff's status as a male, he would not have been terminated; thus, they are sufficient to give the Board fair notice of the basis of Plaintiff's claim for reverse discrimination under Title VII.  To the extent there is insufficient direct evidence of reverse discrimination, or of the requisite background circumstances under a *McDonnell Douglas* approach, that is an issue properly reserved for summary judgment.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 18) is **denied**.

Dated: December 7, 2011

                                             S/ Julie A. Robinson
                                             JULIE A. ROBINSON
                                             UNITED STATES DISTRICT JUDGE